United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Dwayne Twamon Jackson, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-61322-Civ-Scola |
| | ) | |
| United States of America, Defendant | ) | |

### **Order Denying Motion for Reconsideration**

The Petitioner Dwayne Twamon Jackson asks this Court to amend or alter its Order adopting the Magistrate Judge's Report and Recommendation. (Mot., ECF No. 19.) Jackson's motion is essentially a motion for reconsideration. In its order adopting the Magistrate Judge's Report and Recommendation, the Court conducted a *de novo* review of the record and of Jackson's motion to vacate sentence under 28 U.S.C. § 2255. The Court adopted the Magistrate Judge's 32-page Report and Recommendation and denied Jackson's motion to vacate. (ECF No. 17.) Now, in the instant motion, Jackson attempts to reargue issues raised in his original motion and in his objections to the Magistrate Judge's Report and Recommendation.

"A motion for reconsideration cannot be used to relitigate old matters . . . ." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal citation and quotations omitted). Instead, a motion for reconsideration remains appropriate where "(1) an intervening change in controlling law has occurred, (2) new evidence has been discovered, or (3) there is a need to correct clear error or prevent a manifest injustice." *Barr v. Harvard Drug Grp., LLC*, No. 13-CV-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (Marra, J.) (internal citation and quotations omitted). "The moving party must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse a prior decision." *Id.* (internal citation omitted).

In his motion, Jackson does not raise any new law or evidence, nor does Jackson mention any manifest injustice. Jackson first asserts that the Court failed to address *Gibson v. United States*, 16-16584, 2017 U.S. App. Lexis 5737 (11th Cir. March 8, 2017) as it relates to bank robbery as a crime of violence. In *Gibson,* the Eleventh Circuit granted a certificate of appealability as to the following issue: "Whether the District Court erred in concluding that Mr. Gibson's conviction under 18 U.S.C. § 924(c) predicated on bank robbery under 18 U.S.C. § 2113(a), was unaffected by the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015)." 2017 U.S. App. LEXIS 5737 at *12. In

*Johnson*, the Supreme Court struck as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act (ACCA). *See Johnson,* 135 S. Ct. at 2563. Gibson argued that § 924(c)'s residual clause, which is similar to ACCA's, was unconstitutional under the same logic articulated by the Supreme Court in *Johnson.*

On appeal, the Eleventh Circuit affirmed Gibson's conviction and rejected Gibson's arguments that § 924(c)'s residual clause is unconstitutional and that bank robbery does not satisfy § 924(c)'s elements clause. *Gibson v. United States,* No. 16-16584 (11th Cir. Jan. 9, 2019) (Document 1). The Supreme Court recently found that § 924(c)(3)(B), the residual clause, is unconstitutionally vague. *See United States v. Davis,* 139 S. Ct. 2319, 2336 (June 24, 2019) ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."). However, as reasoned by Judge White's Report and Recommendation and again reiterated by the Eleventh Circuit in *Gibson,* the Eleventh Circuit previously held that bank robbery under § 2113(a) is a crime of violence under § 924(c)(3)(a)'s use-of-force or elements clause. *See In re Sams.* 830 F.3d 1234, 1239 (11th Cir. 2016). And *In re Sams* binds this Court even though it was on a second or successive § 2255 motion, not a merits decision. *See Gibson,* No. 16-16584, Document 1 at 5. Accordingly, because bank robbery is a crime of violence under § 924(c)'s elements clause, Jackson's argument that he is "actually innocent" of carrying a firearm during a crime of violence fails.

Jackson's remaining arguments are similarly without merit and repeat what was first argued in the original motion and in his objections to the Magistrate Judge's Report and Recommendation.

Accordingly, the Court **denies** Jackson's motion. (**ECF No. 19**).

**Done and ordered** at Miami, Florida on August 26, 2019.

_____
Robert N. Scola, Jr.
United States District Judge